Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com

Attorneys for Plaintiff, ROBYN HARTLEY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ROBYN HARTLEY, ) | Case No.: |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. ) | |
| COLLECTCORP CORPORATION, ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |

## **PLAINTIFF'S COMPLAINT**

ROBYN HARTLEY (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against COLLECTCORP CORPORATION (Defendant):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person residing in North Agusta, South Carolina.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency and conducts business in Arizona.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff from the number (866) 541-7282 seeking and demanding payment for the alleged consumer debt.

12. Defendant calls Plaintiff and hangs up without leaving a voicemail message.

13. Defendant calls Plaintiff and fails to disclose the call is from a debt collector.

14. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

15. Defendant failed to identify itself as a debt collector in subsequent communications.

16. Defendant did not provide Plaintiff with a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of this is to harass, abuse, and oppress the Plaintiff.

b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

c. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication that the communication was from a debt collector and anything said would be used for that purpose. Defendant further failed to state in subsequent communications that the communication was from a debt collector.

d. Defendant violated *§1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, ROBYN HARTLEY, respectfully requests judgment be entered against Defendant, COLLECTCORP CORPORATION, for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ROBYN HARTLEY, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  January 19, 2010         KROHN & MOSS, LTD.


By:     /s/Ryan Lee

    Ryan Lee
    Attorney for Plaintiff

## VERIFICATION

STATE OF SOUTH CAROLINA )
                        :SS.:
COUNTY OF AIKEN )

Plaintiff, Robyn Hartley, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Robyn Hartley, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12/03/09

_____
Robyn Hartley